COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-156-CR

 

DONTAE RAYMON HALL                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Dontae Raymon Hall
entered an open plea of guilty to robbery with bodily injury.[2]  The trial court assessed Appellant=s punishment at two years= confinement.  We affirm.

                                      Procedural Background 








On March 3, 2005, Appellant signed Written Plea
Admonishments acknowledging he was entering an open plea of guilty to the
offense of robbery with bodily injury, a second degree felony.[3]  He also signed a document containing numerous
waivers, one of which was the right to have a court reporter make a record of
the proceedings at which he would enter his plea.  Accordingly, the appellate record does not
contain a court reporter=s transcription of the guilty plea
hearing.  The trial
court accepted Appellant=s plea but
deferred a finding of guilt until a Presentence Investigation Report (PSI) had
been prepared prior to sentencing.

On April 25, 2005, the trial
court reviewed the PSI and heard testimony from Appellant regarding punishment
and his application to be placed on community supervision.  At the conclusion of the hearing, the trial
court found Appellant guilty based upon the guilty plea he had entered on March
3, 2005, determined that Appellant would not be a good candidate for community
supervision, and assessed Appellant=s punishment at two years= confinement.

                         Independent
Review of the Record








Appellant=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In his motion
and brief, counsel avers that in his professional opinion this appeal is wholly
frivolous.  Counsel=s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct.
1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no reversible grounds on appeal and referencing any
grounds that might arguably support the appeal. 
See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995,
no pet.).  Appellant was provided the
opportunity to file a pro se brief, but has not filed one.  The State has not filed an appellate brief.

          In
our duties as a reviewing court, we must conduct an independent evaluation of
the record to determine whether counsel is correct in determining that the
appeal is frivolous.  See Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays, 904 S.W.2d
at 923.  Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988). 









Appellant entered an open plea of guilty, so he waived the
right to appeal any nonjurisdictional defects, other than the voluntariness of
his plea, that occurred before entry of the plea so long as the judgment of
guilt was rendered independent of, and is not supported by, the alleged error.  See Young v. State, 8 S.W.3d 656,
666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1, 4-5 (Tex.
Crim. App. 1995).  Therefore, our
independent review of the record is limited to potential jurisdictional
defects, the voluntariness of Appellant=s plea, potential
error occurring before Appellant=s plea that
resulted in or supports the judgment of guilt, and potential error occurring
after the guilty plea.  See Young,
8 S.W.3d at 666-67. 

                                           Discussion 

We have carefully reviewed
the record before us,[4] including the PSI and the reporter=s record from the punishment hearing, and counsel=s brief.  We agree the appeal is
wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827 (Tex. Crim. App. 2005).  Therefore,
we grant the motion to withdraw filed by Appellant=s counsel and affirm the trial court=s judgment.

 

PER CURIAM

PANEL
F:  HOLMAN, LIVINGSTON and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 18, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. '
29.02(a)(1) (Vernon 2003).





[3]See
id. '
29.02(b).





[4]As stated earlier, Appellant waived
the right to have a court reporter present at the March 3, 2005 hearing at
which he entered his guilty plea.